UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOMEI LI,<br>           Plaintiff,<br>    v.<br>HANQING SUN, et al.,<br>           Defendants. | Case No. 16-cv-02206-RS<br><br>**ORDER TO SHOW CAUSE** |

      Plaintiff in this action is a citizen and resident of China. She alleges, in essence, that defendants defrauded her in China, and then fled to the United States with her money. The complaint asserts federal question jurisdiction exists in light of a claim for relief advanced under the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§ 1961, *et. seq.*, and that there is supplemental jurisdiction over the remaining claims.

      Defendants have filed two motions to dismiss. One contends the complaint has not adequately alleged a RICO violation and that certain other of the counts also fail to state a claim. The second motion asserts *forum non conveniens.* Neither motion directly raises the question of whether a RICO claim will lie where the alleged wrongdoing all occurred outside the territorial jurisdiction of the United States.

      "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.

United States District Court
Northern District of California

Ct. 1197, 1202 (2011); *see also In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991) (en banc) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing."). Accordingly, the briefing schedule on the pending motions to dismiss is hereby vacated. Within 14 days of the date of this order, plaintiff shall file a brief, not to exceed 15 pages, addressing the question of whether a RICO claim may be asserted where the only connection between the alleged wrongdoing and this country are averments that the individuals involved transferred the proceeds from the wrongdoing here, and immigrated here. Within 7 days thereafter, defendants may file a response, also not to exceed 15 pages. The matter will then be taken under submission.

In the event the Court concludes that a RICO claim could theoretically be available under these circumstances, it will issue an order resetting the briefing schedules for the motions to dismiss that challenges the adequacy of the pleading of the RICO and other claims, and the propriety of proceeding in this forum. In the event plaintiff fails to show that a RICO claim could ever arise based on extraterritorial alleged wrongdoing, the action will be dismissed for lack of federal jurisdiction, without prejudice to refiling in an appropriate forum.

**IT IS SO ORDERED**.

Dated: June 20, 2016

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 16-cv-02206-RS
2