United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIAOMEI LI,

        Plaintiff,

    v.

HANQING SUN, et al.,

        Defendants.

Case No. 16-cv-02206-RS

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

Plaintiff in this action is a citizen and resident of China. She alleges, in essence, that defendants defrauded her in China, and then fled to the United States with her money. The complaint asserts federal question jurisdiction exists in light of a claim for relief advanced under the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and that there is supplemental jurisdiction over the remaining claims.

Defendants filed two motions to dismiss. One contends the complaint has not adequately alleged a RICO violation and that certain other of the counts also fail to state a claim. The second motion asserts forum *non conveniens*. Neither motion directly raised the question of whether a RICO claim will lie where the alleged wrongdoing all occurred outside the territorial jurisdiction of the United States.

Because "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," they are required to "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.

Ct. 1197, 1202 (2011). Accordingly, before the motions to dismiss were heard, and order to show cause issued directing plaintiff to address the question of whether a RICO claim may be asserted where the only connection between the alleged wrongdoing and this country are averments that the individuals involved transferred the proceeds from the wrongdoing here, and immigrated here. Defendants were permitted to file a reply, and the matter was submitted for decision.

In a timely coincidence, the Supreme Court addressed RICO extraterritoriality issues just as the question arose here. In *RJR Nabisco, Inc. v. European Community*., 136 S. Ct. 2090 (2016), the Court observed:

> The question of RICO's extraterritorial application really involves two questions. First, do RICO's substantive prohibitions, contained in § 1962, apply to conduct that occurs in foreign countries? Second, does RICO's private right of action, contained in § 1964(c), apply to injuries that are suffered in foreign countries?

*Id.* at 2099.

The Court went on to hold with respect to the first question that RICO could apply to conduct in foreign countries if, but only if, the particular "predicate acts" alleged in a particular case themselves apply extraterritorially. *Id.* at 2102. The Court further cautioned:

> We emphasize the important limitation that foreign conduct must violate "a predicate statute that manifests an unmistakable congressional intent to apply extraterritorially" . . . . Although a number of RICO predicates have extraterritorial effect, many do not.

*Id.*

As to the second question, the Court held that even where a RICO claim is based on alleged predicate violations with extraterritorial reach, there is no private right of action absent a *domestic* injury in this country.

> Irrespective of any extraterritorial application of § 1962, we conclude that § 1964(c) does not overcome the presumption against extraterritoriality. A private RICO plaintiff therefore must allege and prove a domestic injury to its business or property.

*Id.* at 2106.

Accordingly, for plaintiff's allegations to support a basis for jurisdiction under RICO, she

must show (1) the predicate acts she alleges involve violations of statutes with extraterritorial reach, and (2) she suffered injury in the United States.

It is far from clear that plaintiff can satisfy the first requirement. Although the statutes she claims were violated (as the predicate acts) both contain references to "foreign commerce," it does not automatically follow that they apply to overseas conduct. *See European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129, 141 (2d Cir.) ("a general reference to foreign commerce . . . does not defeat the presumption against extraterritoriality." (citation omitted)). Assuming that either or both of the statutes on which plaintiff relies,[1] criminalize conduct by persons *in this country* that involves moving monies and/or wire fraud in "foreign commerce," it is an entirely separate question whether the statutes would apply to persons who are alleged to have defrauded a plaintiff elsewhere in the world, and then brought their ill-gotten gains to this country after the fact.[2]

Even assuming, nevertheless, that plaintiff could show that her RICO claims are predicated on alleged violations of statutes with extraterritorial reach, she has made no showing whatsoever that she, as a citizen and resident of China, has somehow suffered an injury in this country, merely by virtue of the fact that defendants immigrated here, with the (fungible) money they allegedly obtained from plaintiff among their assets.

The Supreme Court's holding in *RJR Nabisco* is unequivocal: "Section 1964(c) requires a civil RICO plaintiff to allege and prove a domestic injury to business or property and does not allow recovery for foreign injuries." 136 S. Ct. at 2111. The Court did acknowledge that "[t]he application of this rule in any given case will not always be self-evident, as disputes may arise as to whether a particular alleged injury is 'foreign' or 'domestic.'" *Id.*

Nevertheless, in this case, there is no reasonable basis to claim that plaintiff suffered any

---

[1] 18 U.S. Code § 2314 ("Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting) and 18 U.S. Code § 1343 ("Fraud by wire, radio, or television.")

[2] Plaintiff's response to the order to show cause offers virtually no argument as to how or why her claims satisfy the initial requirement that the alleged predicate acts be violations of American law with extraterritorial reach.

"domestic" injury.  She is a citizen of China, residing in China, who dealt with defendants in China, and who allegedly was defrauded by defendants in China.  The mere fact that defendants now reside in this country, and supposedly brought with them the funds they obtained from plaintiff, cannot mean plaintiff suffered a domestic injury here—regardless of the uses to which defendants may now be putting those funds.

The claims plaintiff attempts to advance under RICO are not tenable, and as a result, there is no basis for federal jurisdiction.  Additionally, there is no indication the jurisdictional defect could be cured by amendment, and plaintiff has not suggested otherwise.  Accordingly, the action is dismissed, without prejudice to refiling in an appropriate forum.

**IT IS SO ORDERED**.

Dated:   December 12, 2016

_____
RICHARD SEEBORG
United States District Judge